**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY LEE HOWZE, | No. 18-56330 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00474-TJH-E |
| v. | |
| ACCESS SECUREPAK, a Missouri corporation; ERIKA FRAZIER, Owner of said corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

California state prisoner Johnny Lee Howze appeals pro se from the district

court's judgment dismissing his action alleging a claim under the federal

Magnusson–Moss Warranty Act and state law claims.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal on the basis of the statute of limitations); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Howze's action because Howze's claims are time-barred. *See* Cal. Civ. Proc. Code § 338(d) (three-year statute of limitations for fraud claim); Cal. Bus. & Prof. Code § 17208 (four-year statute of limitations for unfair business practices claim); *Mexia v. Rinker Boat Co., Inc.*, 95 Cal. Rptr. 3d 285, 292 (Ct. App. 2009) (four-year statute of limitations for breach of warranty claim under California's Song-Beverly Act); *see also Hooper v. Lockheed Martin Corp.,* 688 F.3d 1037, 1044-45 (9th Cir. 2012) (when a federal statute contains no express limitations period, the court applies the most closely analogous state limitations period).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-56330